UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMIRULLAH ZAZAI, <br><br> Petitioner, <br><br> v. <br><br> BRUCE SCOTT et al., <br><br> Respondents. | CASE NO. 2:26-cv-02316-JNW <br><br> ORDER GRANTING IN PART PETITIONER'S HABEAS CORPUS PETITION |

This matter comes before the Court on Petitioner Amirullah Zazai's petition for a writ of habeas corpus challenging his prolonged detention in immigration custody. Dkt. No. 1. The Court has reviewed the petition, the return, and the traverse, and for the reasons stated below, GRANTS IN PART the petition.

## 1. BACKGROUND

Amirullah Zazai is a citizen of Afghanistan in the custody of Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 1. Zazai entered the United States on November 14, 2024, near the Tecate, California border, where Border Patrol detained him. He was taken to the San Diego Central Processing Center and later transferred to NWIPC,

ORDER GRANTING IN PART PETITIONER'S HABEAS CORPUS PETITION - 1

where he remains in custody. Dkt. No. 6 ¶ 4. On March 24, 2025, an Immigration Judge ("IJ") ruled that she had no jurisdiction over Zazai's request for a custody redetermination because he was subject to mandatory detention. Dkt. No. 5-6 at 2. She made no finding that Zazai is a danger to the community or a flight risk. *Id.* On November 19, 2025, Zazai was ordered removed to Afghanistan and denied asylum and withholding of removal. Dkt. No. 5-5 at 4. Zazai appealed to the BIA on December 16, 2025—that appeal is still pending. Dkt. No 6 ¶ 16. Respondents intend to remove Zazai to Afghanistan if the BIA dismisses his appeal. *Id.* ¶ 18.

Zazai has a recurrent cyst on his back. He underwent a procedure to treat it in February 2026, but the condition returned. Dkt. No. 7 ¶¶ 7, 9, 12. In June 2026, his provider ordered further testing and requested a follow-up surgical evaluation. *Id.* ¶ 13. That referral went to the wrong specialty and must be resubmitted, and the testing has not been scheduled. *Id.* ¶¶ 14–15.

## 2.  DISCUSSION

### 2.1    Legal standard.

Respondents assert that Zazai is detained under 8 U.S.C. § 1225(b). Dkt. No. 4 at 5. Zazai does not challenge this classification, and the Court proceeds on that basis. While the detention of noncitizens is mandated under Section 1225(b), both the Supreme Court and the Ninth Circuit have "grappled … with whether the various immigration detention statutes may authorize indefinite or prolonged detention of detainees and, if so, may do so without providing a bond hearing."

ORDER GRANTING IN PART PETITIONER'S HABEAS CORPUS PETITION - 2

*Rodriguez v. Robbins*, 804 F.3d 1060, 1067 (9th Cir. 2015); *Jennings v. Rodriguez*, 583 U.S. 281 (2018).

Neither the Supreme Court nor the Ninth Circuit has settled on a test for assessing the constitutionality of prolonged mandatory detention. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019). So "[d]istrict courts have grappled with how to address due process challenges to prolonged mandatory detention[.]" *Id.* And "[n]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Id.; see also Maliwat v. Scott*, No. C25-788, 2025 WL 2256711, at *3 (W.D. Wash. Aug. 7, 2025) (quoting *Banda*, 385 F. Supp. 3d at 1116).

In assessing the constitutionality of prolonged mandatory detention, the *Banda* court declined to apply the test in *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976), because that test does "not resolve the more fundamental issue of whether any procedure—such as a bond hearing—must be provided." *Banda*, 385 F. Supp. 3d at 1106–07. Rather, the court conducted a case-specific analysis considering the following factors:

> (1)the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Id.* at 1117 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858–59 (D. Minn. 2019)). Courts in this District have adopted the "*Banda* test" to assess when

ORDER GRANTING IN PART PETITIONER'S HABEAS CORPUS PETITION - 3

detention violates due process. *See, e.g.*, *Maliwat*, 2025 WL 2256711, at *3–4; *Hong v. Mayorkas*, No. C20-01784, 2022 WL 1078627, at *4–5 (W.D. Wash. Apr. 11, 2022).

The parties agree that the *Banda* multi-factor test applies, and the Court will apply it here to determine whether Zazai's continued detention without a bond hearing has become unreasonable. *See Duvine v. Hermosillo*, No. C25-2583-SKV, 2026 WL 183374, at *3 (W.D. Wash. Jan. 9, 2026). Because the petition is resolved under *Banda*, the Court need not reach the alternative *Mathews* analysis. *See Banda*, 385 F. Supp. 3d at 1106–07.

## 2.2    Zazai's continued detention without a bond hearing has become unreasonable.

### 2.2.1    The first factor.

"[T]he most important factor" under the *Banda* test is the length of detention. *Banda*, 385 F. Supp. 3d at 1118. Respondents acknowledge that Zazai's detention, which has now exceeded 20 months, has become unreasonably prolonged, and they agree this factor favors him. Dkt. No. 4 at 6. So does the Court. *See, e.g., Ashemuke v. ICE Field Off. Dir.*, No. 2:23-cv-1592-RSL, 2024 WL 1683797, at *4 (W.D. Wash. Feb. 29, 2024) (eleven months); *Kumar v. Hermosillo*, No. 2:26-CV-00389-JNW, 2026 WL 523276, at *2 (W.D. Wash. Feb. 25, 2026) (nine months). Context matters, too. What the Court is examining is "the detention of a human being who has never been found to pose a danger to the community or to be likely to flee if released." *Banda*, 385 F. Supp. 3d at 1118 (quoting *Jamal A.*, 358 F. Supp. 3d at 859). No IJ has made either finding about Zazai. Dkt. No. 5-6 at 2. This factor favors Zazai.

### 2.2.2   The second factor.

The second factor requires consideration of "how long the detention is likely to continue absent judicial intervention; in other words, the 'anticipated duration of all removal proceedings—including administrative and judicial appeals.'" *Banda*, 385 F. Supp. 3d at 1119. Respondents argue this factor is neutral because Zazai's BIA appeal is pending and the timeline on when the BIA will issue its decision is speculative. The Court disagrees that this timeline is speculative. Zazai appealed more than seven months ago, and the BIA still has not ruled. Dkt. No. 6 ¶ 16. And the prolonged timeline for appellate review of removal orders is well established by the realities of immigration litigation. *Banda*, 385 F. Supp. 3d at 1119; *Jamal,* 358 F. Supp. 3d at 859. Even if the BIA rules promptly, Zazai can seek review from the Ninth Circuit which can take up to two years. *Id*. This factor favors Zazai.

### 2.2.3   The third factor.

The third *Banda* factor examines the conditions of the petitioner's detention. "The more that the conditions under which the noncitizen is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (citation omitted). Courts have recognized that the conditions at NWIPC resemble prison conditions. *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-CV-01807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026) (collecting cases), *report and recommendation adopted,* No. 2:25-CV-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026). Respondents do not rebut this. Zazai's medical circumstances add to it. Respondents submit a declaration from a

physician at NWIPC, confirming that Zazai's cyst recurred, that the follow-up surgical referral went to the wrong specialty and must be resubmitted, and that his ultrasound remains unscheduled. *See generally*, Dkt. No. 7 ¶¶ 12–15. Zazai cannot look elsewhere for care; he depends on the facility for whatever treatment he receives. The conditions at NWIPC alone tip this factor in Zazai's favor, and the delay in his medical care compounds it.

### 2.2.4    The fourth and fifth factor.

The fourth and fifth *Banda* factors consider delays in the removal proceedings caused by the petitioner and the government, respectively. The parties agree neither party has caused delay. These factors are neutral.

### 2.2.5    The sixth factor.

Under the sixth *Banda* factor, the Court considers the likelihood that removal proceedings will result in a final order of removal. *Banda*, 385 F. Supp. 3d at 1120. The Court agrees with Respondents that predicting that outcome would be speculative. Zazai argues the factor favors him because he may still prevail before the BIA or the Ninth Circuit. Dkt. No. 8 at 5. He may. He may not. When there is a pending appeal after a denial of relief, courts weigh this factor as neutral. *Banda*, 385 F. Supp. 3d at 1120. *Djelassi v. ICE Field Off. Dir.*, 434 F. Supp. 3d 917, 932 (W.D. Wash. 2020). This factor is neutral.

### 2.2.6    Weighing the factors.

In sum, the first three factors favor Zazai, and the rest are neutral. The most important factor—length of detention—favors Zazai. On balance, the *Banda* test

ORDER GRANTING IN PART PETITIONER'S HABEAS CORPUS PETITION - 6

favors granting Zazai a bond hearing. Zazai's "continued mandatory detention under § 1225(b) has become unreasonable and [] due process requires the Government to provide [him] with a bond hearing." *Banda*, 385 F. Supp. 3d at 1120.

### 2.2.7    Evidentiary standard at the bond hearing.

At Zazai's bond hearing, Respondents bear the burden of proving by clear and convincing evidence that Zazai poses a flight risk or a danger to the community at the time of the individualized bond hearing. *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011), abrogated on other grounds by *Jennings v. Rodriguez*, 583 U.S. 281 (2018); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1144 (9th Cir. 2013) (holding "the constitutionally grounded hearing requirements set forth in *Singh* are also applicable [to bond hearings for those detained under § 1225(b)]")); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1199 (9th Cir. 2022) (explaining that clear-and-convincing-evidence standard in *Singh* was based on general principles of due process). Respondents agree this is the correct standard. Dkt. No. 4 at 9.

### 2.2.8    The scope of relief.

Zazai does not ask for a bond hearing. He seeks immediate release, arguing that his detention violates due process because it is no longer reasonably related to any legitimate Government interest. Dkt. No. 1 at 13. But the reason his detention has become unreasonable is that no one has decided whether he needs to be held, and a bond hearing supplies exactly that. *Banda* itself found detention under § 1225(b) unconstitutional and ordered a bond hearing rather than release. 385 F. Supp. 3d at 1121. Courts in this District have ordinarily done the same, holding

ORDER GRANTING IN PART PETITIONER'S HABEAS CORPUS PETITION - 7

that the proper remedy for prolonged detention is an individualized bond hearing. *See, e.g., Maliwat*, 2025 WL 2256711, at * 9; *Hong,* 2022 WL 1078627, at *7 (explaining that the remedy for prolonged detention is a bond hearing); *Pasillas v. ICE Field Off. Dir.*, No. 2:21- cv-681-RAJ, 2021 WL 8084206, at *7 (W.D. Wash. Oct. 18, 2021), *report and recommendation adopted*, 2022 WL 1127715 (W.D. Wash. Apr. 15, 2022) (granting bond hearing but not release). Zazai argues that the time he must wait in detention for his bond hearing to be adjudicated is further delay the Constitution does not permit. But the authority Zazai relies on, *Shevchuk v. Scott*, involved a petitioner who had already received a court-ordered bond hearing. No. 2:26-CV-01872-SAB, 2026 WL 1802094, at *1 (W.D. Wash. June 23, 2026). That is not the posture of this case—Zazai's bond hearing has not yet occurred. If bond is denied and Zazai believes the hearing is constitutionally deficient, he may file a second habeas petition challenging that denial.

Zazai also argues that the delay in his medical care independently renders his continued detention unconstitutional. Dkt. No. 1 at 6–7. The Court has weighed those circumstances where they belong in this analysis, under *Banda*'s third factor. To the extent Zazai presses the point as a separate claim, the Court denies it without prejudice, because the only relief he seeks for it is release.

### 3. CONCLUSION

Accordingly, the Court orders as follows:

1. Zazai's prolonged detention under 8 U.S.C. § 1225(b) without a bond hearing violates the Due Process Clause of the Fifth Amendment.

2. The Petition for a Writ of Habeas Corpus is GRANTED IN PART. Dkt. No. 1.

3. Within FOURTEEN (14) days of this order, Respondents must provide Petitioner with an individualized bond hearing that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). In the event the immigration judge sets bond, Respondents are ORDERED to immediately release Petitioner once bond is posted.

4. If the individualized bond hearing is not conducted within fourteen days of this order, Petitioner MUST be released immediately under appropriate conditions of supervised release.

5. Petitioner and Respondents MUST file a status report on the status of Petitioner's bond hearing no later than FIFTEEN (15) days from this order. The status report MUST detail if and when the bond hearing occurred, if bond was granted or denied and, if denied, the reasons for that denial.

6. Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (the Equal Access to Justice Act authorizes the award of attorney's fees to petitioners who prevail against the government in immigration habeas actions).

Dated this 14th day of August, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING IN PART PETITIONER'S HABEAS CORPUS PETITION - 9